UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ANTONIO JUNES (A-Number: 029-369-543),<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,<br>Respondent. | Case No. 1:26-cv-6770-TLN-JDP<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner Manuel Antonio Junes, a citizen of Nicaragua, came to the United States when he was nine years old. He has lived in the United States ever since. An immigration judge granted petitioner voluntary departure in 1990, when he was twelve years old. ICE released petitioner on an order of supervision at an unknown time. It then re-detained him on July 21, 2026. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241. Respondent concedes that it is "unable to produce evidence showing full compliance with 8 C.F.R. § 241.13(i)" when it re-detained petitioner. ECF No. 8 at 1. It concedes that the court should order petitioner's release on an order of supervision. *Id.* For the following reasons, I recommend that the petition be granted and that petitioner be ordered immediately released.[1]

[1] Petitioner filed a motion for appointment of counsel. ECF No. 3. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any

## Background

Petitioner came to the United States as a nine-year-old from Nicaragua, fleeing a war in which his country conscripted child soldiers starting at the age of ten. ECF No. 1 at 2. On April 25, 1990, when he was twelve years old, an immigration judge granted him voluntary departure.[2] *Id.* ICE has never removed petitioner and has previously released him on an order of supervision. ECF No. 8 at 1. Respondent concedes that there is no evidence that ICE followed the relevant regulations at 8 C.F.R. § 241.13(i) when ICE re-detained petitioner on July 21, 2026.[3] *Id.* at 1-2.

## Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

---

stage of the case "if the interests of justice so require." *See* Rule 8(c), Fed. R. Governing § 2254 Cases. I do not find that the interests of justice require appointment of counsel at the present time. Petitioner's motion to appoint counsel is therefore denied. Further, as respondent concedes the violation and that immediate release is the proper relief, I will issue these findings and recommendations without waiting for petitioner's optional traverse.

[2] When a noncitizen fails to depart the United States during the period provided for voluntary departure, that order becomes an administratively final removal order. *See* 8 C.F.R. § 1241.1(f); *see also Diouf v. Mukasey*, 542 F.3d 1222, 1229 (9th Cir. 2008).

[3] 8 C.F.R. § 241.4 applies to the revocation of post-removal-order release, except when ICE has "made a determination . . . that there is no significant likelihood that an alien under a final order of removal can be removed in the reasonably foreseeable future." 8 C.F.R. § 241.4(b)(4). When ICE has made such a determination, section 241.13 applies to the revocation of release. *Id.* Respondent's citation of 8 C.F.R. § 241.13 as the regulation that ICE failed to follow, indicates that ICE must have made a determination that there is no significant likelihood that it can remove petitioner to Nicaragua in the reasonably foreseeable future.

**Analysis**

Petitioner claims that his re-detention by ICE in July 2026 violated the applicable regulations at 8 C.F.R. § 241.13. ECF No. 1 at 8, 17. Respondent does not contest this and concedes that it cannot provide evidence that ICE complied with the regulations. ECF No. 8 at 1-2.

Government agencies are required to follow their regulations. *United States ex rel Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). Where an immigration regulation like section 241.13 "is promulgated to protect a fundamental right derived from the Constitution or a federal statute," like the opportunity to be heard, "and [ICE] fails to adhere to it, the challenged [action] is invalid. . . ." *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017) (quoting *Waldron v. I.N.S.*, 17 F.3d 511, 518 (2d Cir. 1993)); *see also Ying Fong v. Ashcroft*, 317 F.Supp.2d 398, 403-04 (S.D.N.Y. 2004) (granting noncitizen's habeas petition where she was deported fewer than 72 hours after her arrest and regulation mandated 72-hour rule). ICE's failure to comply with its own regulations renders petitioner's continued detention unlawful and violates his due process rights, requiring his immediate release. *See Nguyen v. Andrews*, No. 1:26-cv-0015 DAD-SCR, 2026 WL 263058, at *4 (E.D. Cal. Feb. 2, 2026), *report and recommendation adopted*, 2026 WL 412183 (E.D. Cal. Feb. 13, 2026); *Phan v. Beccerra*, No. 2:25-cv-1757-DC-JDP, 2025 WL 1993735, at *4 (E.D. Cal. July 16, 2025); *see also Chen v. Chestnut*, No. 1:25-cv-1338-EPG, 2025 WL 3496444, at *7-8 (E.D. Cal. Dec. 5, 2025); *Bui v. Warden of the Otay Mesa Det. Facility*, No. 25-cv-2111-JES-DEB, 2025 WL 2988356, at *4 (S.D. Cal. Oct. 23, 2025) (collecting cases); *Sphabmixay v. Noem*, No. 25-cv-2648-LL-VET, 2025 WL 3034071, at *2 (S.D. Cal. Oct. 30, 2025); *Lim v. Mullin*, No. 1:26-cv-2368-KES-EGC, 2026 WL 1284247, at *3 (E.D. Cal. May 11, 2026).

Respondent does not contest that immediate release should be ordered. ECF No. 8 at 1. Accordingly, petitioner shall be immediately released from custody subject to the same order of supervision that governed his most recent release.

Petitioner also raises claims against removal to a third country. ECF No. 1 at 14-15. In its answer, respondent cites *Phan v. Becerra*, No. 2:25-cv-1757-DC-JDP, 2025 WL 1993735, at *6

(E.D. Cal. July 16, 2025), a case where the court enjoined the government from removing the petitioner to a third country without notice and the opportunity to be heard. Respondent does not provide any assurance that no third country removal will be considered and, rather, asserts that petitioner has identified "no evidence of imminent third-country removal or a country-specific fear claim." *See* ECF No. 8 at 2. In *Phan*, there was no evidence that third-country removal was being considered, but the court ordered notice and the opportunity to be heard before any such removal. As the court did in *Phan*, I will recommend that respondent not remove petitioner to a third country without providing him notice and an opportunity to be heard. *See also Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process.").

**Conclusion**

Accordingly, it is hereby ordered that petitioner's motion for appointment of counsel, ECF No. 3, is hereby DENIED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent is ordered to immediately release petitioner (A-Number: 029-369-543) from its custody on the same conditions as his prior release.

3. Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining petitioner absent compliance with constitutional protections, including the requirements of 8 C.F.R. §§ 241.13, 241.4, and any other applicable statutory and regulatory procedures.

4. Respondent is ENJOINED AND RESTRAINED from removing petitioner to a third country without notice and an opportunity to be heard.

5. The Clerk of Court be directed to serve a copy of this order on Central Valley Annex Detention Facility.

6. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 4, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE